1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**
10
11
12  DEIDRE HALL,                    )   CV 13-8905 RSWL (PJWx)
                                    )
13                                  )   **ORDER Re: DEFENDANT'S**
                    Plaintiff,      )   **MOTION TO DISMISS FOR**
14                                  )   **FAILURE TO STATE A CLAIM**
        v.                          )   [22]
15                                  )
                                    )
16  SOUTH BEACH SKIN CARE,          )
    INC.,                           )
17                                  )
                                    )
18                  Defendant.      )
                                    )
19  _____)

20      Currently before the Court is Defendant South Beach
21  Skin Care, Inc.'s ("Defendant"), Motion to Dismiss for
22  Failure to State a Claim [22].  Defendant filed its
23  Motion on February 4, 2014 [22].  Plaintiff Deidre Hall
24  ("Plaintiff") filed her Opposition on March 4, 2014
25  [26].  Defendant filed its Reply on March 11, 2014
26  [28].  Plaintiff's Motion was set for hearing on March
27  25, 2014 [22].  This matter was taken under submission
28  on March 19, 2014 [29].  Having reviewed all papers and

                                1

arguments submitted pertaining to this Motion, **THE COURT NOW RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff is an actress who is known for her role as Dr. Marlena Evans on the NBC daytime soap opera Days of our Lives.  Compl. ¶ 1.  Plaintiff has played this role for over 30 years.  Id.  Consequently, Plaintiff has derived considerable commercial value from her likeness, such as through endorsement deals with Hallmark and Dexatrim and through her jewelry line. Id.  Plaintiff also has a cosmetic skin care line under the name of "Deidre Cosmetics."  Id.

Defendant is a Florida corporation which operates out of Hollywood, Florida.  Id. at ¶ 10.  Defendant operates websites including www.lifeskin.com, on which it sells its LifeCell skin product.  Id. at ¶ 2. Defendant has a registered trademark for LIFECELL and sells products under the LifeCell brand.  Id. at ¶ 11. Since May 2009, Defendant has used Plaintiff's likeness and name to advertise its skin care products.  Id. at ¶ 3.  For example, there are images of and quotes attributed to Plaintiff contained throughout www.lifecellskin.com and on other sites such as www.youtube.com.  Id.  Plaintiff did not and does not authorize use of her name and likeness in this manner. Id.

2

1    Defendant has taken down some, but not all, of the

2    images of and quotes attributed to Plaintiff from

3    Defendant's websites and other marketing materials.

4    Id. at ¶ 4.   Defendant has refused to compensate

5    Plaintiff.   Id.

6        Plaintiff filed her Complaint against Defendant on

7    December 3, 2013 [1].

8                    **II.   LEGAL STANDARD**

9    **A.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

10       Federal Rule of Civil Procedure 12(b)(6) allows a

11   party to move for dismissal of one or more claims if

12   the pleading fails to state a claim upon which relief

13   can be granted.   Dismissal can be based on a lack of

14   cognizable legal theory or lack of sufficient facts

15   alleged under a cognizable legal theory.   Balistreri v.

16   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

17   1990).   However, a party is not required to state the

18   legal basis for its claim, only the facts underlying

19   it.   McCalden v. Cal. Library Ass'n, 955 F.2d 1214,

20   1223 (9th Cir. 1990).   In a Rule 12(b)(6) motion to

21   dismiss, a court must presume all factual allegations

22   of the complaint to be true and draw all reasonable

23   inferences in favor of the non-moving party.   Klarfeld

24   v. United States, 944 F.2d 583, 585 (9th Cir. 1991).

25   In fact, "[w]hen ruling on a Rule 12(b)(6) motion to

26   dismiss, if a district court considers evidence outside

27   the pleadings, it must normally convert the 12(b)(6)

28   motion into a Rule 56 motion for summary judgment, and

                              3

1  it must give the nonmoving party an opportunity to
2  respond." United States v. Ritchie, 342 F.3d 903, 907
3  (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b); Parrino
4  v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th Cir. 1998)).
5      The question presented by a motion to dismiss is
6  not whether the plaintiff will prevail in the action,
7  but whether the plaintiff is entitled to offer evidence
8  in support of its claim. Swierkiewica v. Sorema N.A.,
9  534 U.S. 506, 511 (2002). "While a complaint attacked
10 by a Rule 12(b)(6) motion to dismiss does not need
11 detailed factual allegations, a plaintiff's obligation
12 to provide the 'grounds' of his 'entitle[ment] to
13 relief' requires more than labels and conclusions, and
14 a formulaic recitation of a cause of action's elements
15 will not do." Bell Atl. Corp. v. Twombly, 550 U.S.
16 544, 555 (2007) (internal citation omitted). Although
17 specific facts are not necessary if the complaint gives
18 the defendant fair notice of the claim and the grounds
19 upon which the claim rests, a complaint must
20 nevertheless "contain sufficient factual matter,
21 accepted as true, to state a claim to relief that is
22 plausible on its face." Ashcroft v. Iqbal, 556 U.S.
23 662, 678 (2009) (internal quotation marks omitted).
24     If dismissed, a court must then decide whether to
25 grant leave to amend. The Ninth Circuit has repeatedly
26 held that a district court should grant leave to amend
27 even if no request to amend the pleadings was made,
28 unless it determines that the pleading could not

4

possibly be cured by the allegation of other facts.
Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.  ANALYSIS

**A.  Whether to Treat the Motion as a Motion for Summary Judgment**

As a preliminary matter, it appears that both Parties fundamentally misunderstand the nature and purpose of a Rule 12(b)(6) motion to dismiss.

The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim.  Swierkiewica v. Sorema N.A., 534 U.S. at 511.  "When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party."  Chubb Custom Ins. Co. v. Space Sys., 710 F.3d 946, 956 (9th Cir. 2013) (citing Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994)).  In keeping with that instruction, with few exceptions, "a district court may not consider any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).  "[I]f a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an

opportunity to respond." <u>Richie</u>, 342 F.3d at 907.

Here, Defendant discusses throughout its Motion, and without any reference to the operative Complaint, Plaintiff's supposed visit to the gifting suite at the 2009 Sundance Film Festival. <u>See</u> <u>e.g.</u>, Mot. 1:5-7. Defendant further offers affidavits and accompanying exhibits describing Plaintiff's visit to the gifting suite. <u>See</u> <u>e.g.</u>, Suarez Decl. ¶¶ 3-11; Dkt. #22-3. Defendant apparently presents this evidence to show Plaintiff consented to Defendant's use of her likeness.

Bafflingly, Plaintiff plays along. Not only does Plaintiff appear to accept Defendant's premise that the relevant photograph Defendant allegedly wrongfully used was taken in a gifting suite at the 2009 Sundance Film Festival (<u>see</u> Opp'n 4:14-26), but she goes on to present evidence of her own to rebut Defendant's arguments (<u>see</u> Illoulian Decl. ¶ 3, Ex. A).

Nevertheless, the Court declines the Parties' apparent invitation to convert the instant Motion into one for summary judgment. Although Plaintiff has taken an opportunity to present evidence (<u>see</u> Iloulian Decl. ¶ 3, Ex. A), such evidence arguably could be considered under the incorporation by reference doctrine because Plaintiff's claim depends on the contents of Defendant's advertisements. <u>See</u> <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1076 (9th Cir. 2005) (considering copies of web pages attached to a defendant's motion to dismiss when the court found that the plaintiff's defamation

claim necessarily depended upon the contents of those web pages). In other words, while Defendant has ignored the standard for a motion to dismiss, Plaintiff arguably has not. In this respect, Plaintiff, as the nonmoving party, has not been afforded any real opportunity to respond to Defendant's *de facto* summary judgment motion. For this reason, the Court does not convert the instant Motion to a motion for summary judgment.

**B.  <u>Defendant's Arguments Regarding Plaintiff's Consent or Actual Endorsement</u>**

Defendant argues that Plaintiff cannot plausibly allege claims for false endorsement or misappropriation of her right of publicity because Plaintiff consented to Defendant's use of her likeness and because Plaintiff actually endorsed Defendant's product. Mot. 4:9-5:2; Reply 2:25-3:7, 4:10-20. The facts relied upon by Defendant in making these arguments, however, are nowhere contained in the operative Complaint. In fact, Plaintiff's Complaint explicitly states that "[Plaintiff] did not and does not authorize use of her name and likeness." Compl. ¶ 3.

The determinative issue in a false endorsement claim is whether the defendant's use of the plaintiff's likeness has a likelihood of confusing customers into believing that the plaintiff has endorsed a product. <u>Cairns v. Franklin Mint Co.</u>, 292 F.3d 1139, 1149-50 (9th Cir. 2002) (citing <u>Dr. Seuss Enters., L.P. v.</u>

Penguin Books USA, Inc., 109 F.3d 1394, 1403 (9th Cir. 1997)).  Likelihood of confusion, in turn, is a factual determination.  Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., 618 F.3d 1025, 1031 (9th Cir. 2010) (quoting Thane Int'l v. Trek Bicycle Corp., 305 F.3d 894, 901 (9th Cir. 2002)); Downing v. Abercrombie & Fitch, 265 F.3d 994, 1008 (9th Cir. 2001).  In other words, without considering evidence, the Court cannot find that there is no likelihood of confusion under the facts alleged, particularly when Plaintiff has alleged that such confusion is occurring (see Compl. ¶ 13).

    Similarly, whether an individual consented to the use of her likeness is a question of fact for claims brought under California Civil Code § 3344.  See Cal. Civ. Code § 3344(e) ("it shall be a question of fact whether or not the use of a person's name, voice, signature, photograph, or likeness was so directly connected with the commercial sponsorship or with the paid advertising as to constitute a use for which consent is required"); see also Newton v. Thomason, 22 F.3d 1455, 1460-61 (9th Cir. 1994) (considering the evidence in concluding that the plaintiff consented to defendant's use of his name); Fraley v. Facebook, Inc., 830 F. Supp. 2d 785, 805-806 (N.D. Cal. 2011) (declining to dismiss plaintiffs' claim under Cal. Civ. Code § 3344 because the issue of whether plaintiffs consented to defendant's use of their names, images,

1  and likenesses was "a disputed question of fact" and
2  therefore "not proper grounds for dismissal").

3      Defendant's arguments, in other words, would
4  require this Court to consider evidence - evidence the
5  Court cannot consider on a motion to dismiss.

6      As this is Defendant's sole argument with respect
7  to Plaintiff's false endorsement claim, the Court
8  **DENIES** Defendant's Motion with respect to that claim.
9  To the extent Defendant intends to offer evidence with
10  respect to Plaintiff's alleged consent or endorsement,
11  such evidence is more properly presented on a motion
12  for summary judgment.

13  C.  <u>**Defendant's Statute of Limitations Arguments with**</u>
14      <u>**Respect to Plaintiff's Statutory Publicity Rights**</u>
15      <u>**Claim**</u>

16      Defendant also argues that Plaintiff's claim for
17  misappropriation of right of publicity pursuant to
18  California Civil Code § 3344 is time-barred.  Mot.
19  6:15-16; 8:12-18.  Plaintiff argues that the single
20  publication rule does not apply in the instant case
21  because Defendant continued to alter Plaintiff's image
22  and attribute quotes to her up through its most recent
23  publication of Plaintiff's image.  Opp'n 7:11-18.

24      Plaintiff's California statutory claim for
25  misappropriation of her right of publicity is subject
26  to a two year statute of limitations.  <u>Yeager v.</u>
27  <u>Bowlin</u>, 693 F.3d 1076, 1081 (9th Cir. 2012) (citing
28  <u>Christoff v. Nestle USA, Inc.</u>, 47 Cal. 4th 468 (2009));

9

1  <u>Cusano v. Klein</u>, 264 F.3d 936, 950 (9th Cir. 2001);

2  Cal. Code Civ. Proc. § 339.   In California, the single

3  publication rule "limits tort claims premised on mass

4  communications to a single cause of action that accrues

5  upon the first publication of the communication."

6  <u>Roberts v. McAfee, Inc.</u>, 660 F.3d 1156, 1166 (9th Cir.

7  2011) (quoting <u>Christoff</u>, 47 Cal. 4th at 479); Cal.

8  Civ. Code § 3425.3.   The single publication rule

9  applies to statements published on internet websites.

10  <u>Id.</u> at 1167.

11      The Court finds <u>Estate of Fuller v. Maxfield &</u>

12  <u>Oberton Holdings, LLC</u>, 906 F. Supp. 2d 997 (N.D. Cal.

13  2012) instructive.   In that case, the plaintiff brought

14  suit against a defendant for, *inter alia*,

15  misappropriation of the name and likeness of

16  Buckminster Fuller.   <u>Estate of Fuller</u>, 906 F. Supp. 2d

17  at 1002-03.   In discussing plaintiff's California

18  misappropriation of name and likeness claim, the court

19  adopted the test elaborated by Justice Werdegar in

20  <u>Christoff</u> in determining whether a continuous use

21  constituted a single publication.   <u>Id.</u> at 1009.

22  Specifically, the court focused on whether the later

23  uses of the plaintiff's name or likeness were

24  "predetermined by a single initial decision or whether

25  defendant . . . made at any relevant time a conscious,

26  deliberate choice to continue, renew or expand" those

27  uses.   <u>Id.</u> (quoting <u>Christoff</u>, 47 Cal. 4th at 486

28  (Werdegar, J., concurring)); <u>see also</u> <u>Alberghetti v.</u>

10

1  <u>Corbis Corp.</u>, 713 F. Supp. 2d 971, 979-80 (C.D. Cal.
2  2010) (adopting Justice Werdegar's test in determining
3  application of the single publication rule) <u>aff'd in</u>
4  <u>part, rev'd in part</u> 476 F. App'x 154 (9th Cir. 2012).
5  Reasoning that the question of the defendant's decision
6  making process could not be resolved without evidence,
7  the court denied the defendant's motion to dismiss.
8  <u>Id.</u>

9      In this case, Plaintiff has alleged that Defendant
10  used her likeness without authorization since May 2009.
11  Compl. ¶ 3.  Furthermore, Plaintiff has alleged that
12  "Defendant has consistently altered and edited the
13  advertisements using [Plaintiff's] image multiple times
14  per year from 2009 through 2013."  <u>Id.</u> at ¶ 22.  At
15  least some of Defendant's actions could have occurred
16  within the two year limitations period.[1]  If such
17  republications were made as part of a conscious or
18  deliberate choice to continue, renew, or expand
19  Defendant's alleged misuse of Plaintiff's likeness, the
20  single publication rule would not apply.  Consequently,
21  without evidence of Defendant's decision making
22  process, this Court does not dismiss Plaintiff's claim.

### IV.  CONCLUSION

24      Because Defendant strays beyond the pleadings in

25  _____

26      [1] In fact, Plaintiff proffers examples of
Defendant's alleged misappropriation occurring as late
27  as 2013.  Iloulian Decl., Ex. A.  The Court declines to
consider such evidence on the instant Motion to
28  Dismiss.

attacking Plaintiff's claims and because evidence is
necessary to determine whether the single publication
rule applies to Plaintiff's misappropriation of right
of publicity claim, this Court **DENIES** Defendant's
Motion to Dismiss [22].

**IT IS SO ORDERED.**

DATED: April 2, 2014

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge